IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:11-CV-336-K |
| KIMBERLEY C. SOUKUP, | § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kimberley Soukup's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) and Rule 11(b)(1) and Alternative Motion to Stay (Doc. No. 5). The Court has considered the motion, the response, and the applicable law. Sedgwick has pleaded specific facts which create a plausibility of entitle to relief within its complaint on all of its causes of actions, and there is a reasonably clear legal justification for its claims. Therefore, Ms. Soukup's motion to dismiss is **DENIED**. Because Ms. Soukup has failed to demonstrate that exceptional circumstances exist to abstain under the *Colorado River* doctrine, her motion to stay is also **DENIED**.

**I.  Background**

Sedgwick is in the business of providing claims administration services for workers' compensation programs maintained by its clients. In Texas, employers are given the choice between opting into a workers' compensation insurance system as

opposed to opting out of the system and electing to settle disputes over injuries through the court system. The workers' compensation system limits an employee's ability to bring suit for on-the-job injuries, but also guarantees certain levels of compensation for those injuries, including medical bills and lost wages. Subscribing employers, ones that participate in the workers' compensation system, frequently hire companies like Sedgwick to administer their plans. The workers' compensation system is highly regulated, with guidelines in the Texas Labor Code, Texas Insurance Code, the common law, and other areas.

Ms. Soukup was hired by Sedgwick as a workers' compensation claims adjuster in 2007 for a second time; she had previously been employed by Sedgwick in the same role from 2002 through 2005. Overall, Ms. Soukup had worked as a workers' compensation claims adjuster since the mid-1990s. In August 2009, Ms. Soukup was transferred from Sedgwick's Dallas, Texas office to its office in Irving, a suburb of Dallas. The move was prompted by Ms. Soukup's assignment to the Bridgestone/Firestone ("Bridgestone") account, a newly-acquired customer.

Upon beginning work on the Bridgestone account, Ms. Soukup became concerned with Bridgestone's level of participation in the claims administration process. According to Ms. Soukup, employers typically take a back seat to the claims administration company, allowing the adjuster to largely control the process of screening, evaluating, and paying workers' compensation claims. Ms. Soukup claims Bridgestone was violating

laws through its excessive involvement, and in November 2009 she reported the situation and asked to be transferred to another client. She asserts Steve Warner, her supervisor, told her nothing else was available.

In January 2010, Ms. Soukup asserts she was reprimanded for being inflexible and that her position as a workers' compensation adjuster on the Bridgestone account was posted as available, meaning Sedgwick began actively seeking someone to replace her as the Bridgestone claims adjuster. One month later, she left Sedgwick and joined another company in the workers' compensation field. Sedgwick asserts Ms. Soukup refused to return to work after a leave of absence; Ms. Soukup claims she was effectively discharged when her position was posted as available.

On June 8, 2010, Ms. Soukup filed suit in the 61st District Court of Harris County, Texas ("the Harris County lawsuit") against Sedgwick for wrongful termination in violation of *Sabine Pilot*, a Texas Supreme Court case that recognized a cause of action for employees who are terminated for refusing to perform illegal acts. In the Harris County lawsuit, Ms. Soukup asserts she was terminated for refusing to look the other way while Bridgestone was allegedly violating laws and regulations concerning workers' compensation insurance. On February 18, 2011, Sedgwick filed this lawsuit and asserted various causes of action, largely alleging that Ms. Soukup violated her confidentiality agreement and misappropriated trade secrets by copying information to her personal e-mail account before leaving the company. Ms. Soukup filed this motion

to dismiss or, in the alternative, to stay on May 2, 2011. She moves pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and Rule 11(b)(1), as a sanction for filing a complaint for an improper purpose. In the alternative, Ms. Soukup moves this Court to stay proceedings in this pending the outcome of the Harris County lawsuit.

## II. Legal Standards

### A. Rule 12(b)(6) motion to dismiss

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A dismissal is proper where a complaint lacks allegations "regarding a required element necessary to obtain relief."

*Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

### B. Rule 11(b)(1) motion to dismiss

A court must focus on objective circumstances to determine if an attorney has conducted a "reasonable inquiry" and that a paper filed with the court is "well grounded" in law and fact. *Nat'l Ass'n of Gov't Employees, Inc. v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988). If a reasonably clear legal justification can be shown for the filing of the paper in question, there is no improper purpose and sanctions are inappropriate. *Id*. A district court's decision to impose sanctions is reviewed for an abuse of discretion. *Id*. at 222.

### C. *Colorado River* abstention

The Fifth Circuit applies a two-tiered standard of review for abstention decisions. *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 652 (5th Cir. 2002). The abstention ruling itself is reviewed for an abuse of discretion, but whether or not a particular abstention doctrine's requirements are met is reviewed *de novo*. *Id*.

## III. Analysis

Upon review of Sedgwick's pleadings, this Court concludes the company has pleaded specific facts which establish a plausibility of entitlement to relief on all of its causes of action. *See Iqbal*, 129 S. Ct. at 1949. Therefore, Ms. Soukup's motion to dismiss pursuant to Rule 12(b)(6) is denied. The Court also finds a reasonably clear

legal justification for Sedgwick's complaint, based on Ms. Soukup's alleged theft of Sedgwick's confidential information. *See Nat'l Ass'n of Gov't Employees*, 844 F.2d at 224. Ms. Soukup's motion to dismiss pursuant to Rule 11(b)(1) is also denied.

The *Colorado River* abstention doctrine draws its name from a U.S. Supreme Court case, *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). That case created a framework by which federal courts decide whether or not to stay or dismiss federal proceedings for coercive relief when parallel state court proceedings exist. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

### A. Parallel proceedings

The threshold inquiry in a *Colorado River* case is to determine if the state court lawsuit and the federal court lawsuit are parallel proceedings. *RepublicBank Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *see also Chesapeake Operating, Inc. v. Whitehead*, No. C-10-301, 2010 WL 5464204, *4 (S.D. Tex. Dec. 29, 2010). "Parallelism," for purposes of a *Colorado River* analysis, frequently means "'substantially the same parties' [are] litigating 'substantially the same issues.'" *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 679 (S.D. Tex. 2010) (citing *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006)). While abstention under *Colorado River* requires parallel state court proceedings, "it may be that there need not be applied in every instance a mincing insistence on precise identity of [the same parties and same issues] . . . ." *McIntosh*, 828 F.2d at 1121.

Here, Sedgwick has asserted six causes of action which have not been asserted in the Harris County lawsuit, and Ms. Soukup initially named four additional parties in the Harris County lawsuit that are not present in our case. Sedgwick argues these claims arise from an incident unrelated to the Harris County lawsuit. Ms. Soukup counters that Sedgwick's claims arise from the same set of facts and circumstances as Ms. Soukup's *Sabine Pilot* lawsuit. In the Harris County lawsuit, Ms. Soukup claims she was terminated for "being inflexible" for raising concerns she had about the legality of Bridgestone's actions in administering its workers' compensation claims. App. to Def. Mot., Exh. A at ¶ 4.8. In this lawsuit, Sedgwick claims Ms. Soukup took sensitive company data with her when she left the company, by saving files to her personal e-mail account, before immediately beginning work with another claims administration company. Doc. No. 1 at ¶ 23–29.

Ms. Soukup's position is supported by the protective order entered January 31, 2011 by Judge Bennett in the Harris County lawsuit: it covers "highly sensitive, confidential, personal, proprietary, or trade secret information," App. to Def. Mot., Exh. D at ¶ 5, which is "produced or exchanged in the course of this litigation" and "shall not be disclosed to any person except in accordance with the terms of this Protective Order," *id*. at ¶ 6. In its claims in this lawsuit, Sedgwick is plainly alleging that Ms. Soukup misappropriated confidential information in retaliation for Sedgwick's actions. As this circuit has recognized, a mincing insistence on identical parties and claims is not

necessary to a finding of parallel proceedings. *McIntosh*, 828 F.2d at 1121. This Court finds that this lawsuit and the Harris County lawsuit are parallel proceedings for the purposes of a *Colorado River* analysis.

B.     **Exceptional circumstances**

Once a federal court has decided that a state court lawsuit and the federal court lawsuit are parallel proceedings for the purposes of a *Colorado River* analysis, the federal court must decide if exceptional circumstances justifying abstention are present. *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006). A federal court may abstain from deciding an action when exceptional circumstances exist. *Colo. River*, 424 U.S. at 817–20. Courts consider six factors when evaluating whether or not "exceptional circumstances" exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491–92 (5th Cir. 2006). The decision whether to dismiss a federal action because of parallel state court proceedings does not rest on a mechanical checklist, but on a careful balancing of factors in a case, with the scale heavily weighted towards exercising jurisdiction. *Brown*, 462 F.3d at 395.

Here, there is no res in dispute; Ms. Soukup and Sedgwick are debating the

reasons and manner in which she left the company. The absence of a res supports the exercise of federal jurisdiction. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). This factor therefore weighs against abstention.

Second, although the state courthouse in the Harris County lawsuit is nearly 250 miles from the federal courthouse in Dallas, the events alleged in this lawsuit took place while Ms. Soukup was working out of Sedgwick's Irving, Texas office. The parties have provided little information on where these alleged events took place, the location of witnesses, or the location of sources of proof. Without more information, and with the balancing of factors weighted in favor of exercising jurisdiction, this factor supports rejecting abstention.

Third, the Fifth Circuit has made clear the "piecemeal litigation" factor could more accurately be described as the "danger of inconsistent results" factor. *Black Sea Inv.*, 204 F.3d at 650–51. Duplicative litigation, though it is wasteful, is an unavoidable byproduct of overlapping jurisdiction between our federal and state judicial systems. *Id*. at 650. Where no court has assumed jurisdiction over a disputed res, there is no danger of inconsistent results. *Id*. at 651. Accordingly, this factor weighs against abstention.

Fourth, the Harris County lawsuit was filed eight months before the suit in this Court. This factor should not be applied simply in terms of which suit was filed first; the progress made towards resolution in each case should also be considered. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983). Here, the Harris

County lawsuit was set for trial on June 6, 2011 until it was continued a few weeks ago. Ms. Soukup has not even filed an answer in the lawsuit currently pending before this Court. Because the Harris County lawsuit was filed first and has progressed much farther than this lawsuit, this factor weighs in favor of abstention.

Fifth, of the six causes of action Sedgwick has asserted in this lawsuit, five arise under Texas state law. In the Harris County lawsuit, Ms. Soukup has filed a *Sabine Pilot* claim, one which arises purely out of Texas state law and concerns wrongful termination. The substantial majority of claims asserted in the two cases deal exclusively with Texas state law issues. However, this circuit has recognized that, absent rare circumstances, the fact that a case involves only issues of state law "is at most neutral." *Stewart*, 438 F.3d at 493. Therefore, this factor is neutral in this case.

Finally, the state court proceedings can adequately protect Sedgwick's rights. The protective order entered in the Harris County lawsuit restricts dissemination of Sedgwick's confidential information, App. to Def. Mot., Exh. D, and there is nothing to stop Sedgwick from asserting the claims in this lawsuit as counterclaims in the Harris County lawsuit, *see* Tex. R. Civ. P. 63 (parties may amend pleadings as of right up to seven days prior to trial, so long as the amendment does not operate to surprise the opposite party). This factor, though, "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co. v. Jimco*, 844 F.2d 1185, 1193 (5th Cir. 1988). This factor is neutral.

That leaves the total at three against abstention, one in favor of abstention, and two neutral. Considering the heavy weight this Court must give in resolving questions under *Colorado River* in favor of exercising federal jurisdiction, *Brown*, 462 F.3d at 395, the Court exercises its discretion to continue hearing all issues in this case and denies the motion to stay, *Nationwide Mut. Ins. Co.*, 283 F.3d at 652.

IV. **Conclusion**

Sedgwick has sufficiently pleaded its claims to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, and there is a reasonably clear legal justification for its complaint. Ms. Soukup's motion to dismiss is **DENIED**. Because Ms. Soukup has failed to demonstrate that exceptional circumstances exist justifying abstention under *Colorado River*, her motion to stay is **DENIED.**

**SO ORDERED.**

Signed July 6th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE